UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUDY PRESTON MAES, | ) | 1:06-cv-00314-LJO-TAG HC |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | ) ) | ORDER REQUIRING RESPONSE TO BE FILED WITHIN THIRTY DAYS |
| ARNOLD SCHWARZENEGGER, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. sec. 2254.

The instant petition was filed on March 21, 2006. (Doc. 1). Petitioner alleges that he was convicted in the Kern County Superior Court July 2, 1997 and, as part of a plea bargain, was sentenced to a term of thirty-four years to life. (Doc. 1, p. 3). Petitioner does not allege that he ever appealed his conviction or sentence. Petitioner now raises three claims: (1) the sentence was illegal under state law because a prior "strike" conviction was not a "strikeable" offense; (2) the sentence enhancement was illegal under current United States Supreme Court law; and (3) Petitioner's constitutional rights were violated under Miranda and because he was mentally incompetent at the time of trial. (Doc. 1, pp. 4-6).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies and may also have filed his Petition beyond the applicable one-year statute of limitations period.  Petitioner's two claims do appear at this point to state cognizable constitutional claims.

**I.  Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied

him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

It does not appear to the Court that Petitioner has presented any of his three claims in the California Supreme Court. Although Petitioner attaches correspondence from the California Supreme Court regarding his apparent attempt to file a habeas corpus petition in that court, the correspondence from the Clerk of the Supreme Court clearly indicates that the Court did not file the document, but rather, held it pending receipt of additional materials that it does not appear Petitioner ever submitted. Moreover, Petitioner does not provide any documentation supporting a conclusion that the California Supreme Court ever considered or issued a ruling on Petitioner's submission.

If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22; Calderon, 107 F.3d at 760. Accordingly, it appears to the Court that it must dismiss this petition as being completely unexhausted. However, if Petitioner has information that shows that he has exhausted any of the three claims in the instant petition, he should provide that information in his response to this Order to Show Cause. If he has no such evidence, the Court will recommend that the petition be dismissed for lack of exhaustion.

**II. Statute of Limitations**.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 21, 2006; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on July 2, 1997, and does not allege that he ever filed a direct appeal. Therefore, the judgment became final for purposes of the AEDPA one-year statute of limitations when the state deadline expired for filing his appeal. Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)(if petitioner does not appeal a state court judgment, the conviction becomes final on the date on which the time for filing such an appeal expired); see also Lewis v. Mitchell, 173 F.Supp 1057, 1060 (C.D. Cal. 2001). In California, a conviction becomes final sixty days after the superior court proceedings have concluded. Cal. Rules of Court, rule 31(d); Lewis, 173 F.Supp.2d at 1060. Thus, Petitioner's conviction would have become final on August 31, 1997. Petitioner would then have one year from August 31, 1997, or until August 31, 1998, in which to file his federal petition for writ of habeas corpus. The instant case was filed on March 21, 2006, more than seven years after the statute of limitations would have expired. Thus, unless entitled to applicable tolling, the petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.). Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003) *cert. denied by* Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

Petitioner apparently attempted to file a state habeas petition in the California Supreme Court. However, as evidenced by the Supreme Court's letter to Petitioner, the state high court received Petitioner's documents on January 26, 2006. Petitioner does not indicate that he filed any other state habeas petitions. Accordingly, even if the January 26, 2006 petition had been properly filed under AEDPA, it would not have availed Petitioner since the statute of limitations would have already run some seven years earlier.

///
///
///

5

## ORDER TO SHOW CAUSE

Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE why the instant petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies and as untimely under the AEDPA. Petitioner is granted thirty (30) days in which to file a written response. If Petitioner fails to timely file a response to this Order to Show Cause, or if the response fails to adequately address the issues set forth in this Order to Show Cause, Petitioner is advised that this Court will issue Findings and Recommendations that the Petition be DISMISSED.

IT IS SO ORDERED.

Dated:   **December 7, 2007**                                       /s/ Theresa A. Goldner
                                                                    UNITED STATES MAGISTRATE JUDGE