# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY PRESTON MAES, | 1:06-cv-00314-LJO-TAG  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| ARNOLD SCHWARZENEGGER, | (Doc. 11) |
| Respondent. | |

On March 21, 2006, Petitioner's petition for writ of habeas corpus was transferred to this Court from the Southern District of California. (Doc. 1). On April 1, 2008, the Magistrate Judge issued findings and recommendations to dismiss the petition because it contained unexhausted claims and because it was untimely by over seven years. (Doc. 8). On April 29, 2008, the District Judge adopted the findings and recommendations (Doc. 9), and judgment was entered against Petitioner. (Doc. 10). The case was closed at that point.

On October 7, 2008, Petitioner filed the instant motion for the appointment of counsel. (Doc. 11). In his handwritten explanation for why counsel should be appointed, Petitioner indicates that he is mentally ill and has been in the Enhanced Observation Program for mentally ill inmates. (Doc. 11, p. 2). Petitioner also alleges that he has been in various mental hospitals throughout California, that he is presently mentally incompetent, that he is "very very slow" and functions "only because I'm on medications." (Id. at p. 2). Petitioner goes on to allege that his constitutional rights were violated, specifically his "Miranda" rights, presumably during the proceedings for which the original habeas petition was filed. (Id. at p.

1

3).  Petitioner attaches to his motion a copy of the Magistrate Judge's findings and recommendations to dismiss the petition on exhaustion and timeliness grounds.

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  Here, the case has been closed for almost six months and there are presently no pending proceedings relating to Petitioner for which counsel could be appointed.  Accordingly, the Court must conclude that the interests of justice would not be served by the appointment of counsel at the present time.  Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated:   **October 8, 2008**　　　　　　　　　　　　　**/s/ Theresa A. Goldner**
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE